## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RACHEL LUCAS,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>       Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANT'S [27]<br>MOTION IN LIMINE TO LIMIT<br>PLAINTIFF TO REASONABLE MEDICAL<br>EXPENSES IN UTAH<br><br>Case No. 2:15-cv-00666-DN<br><br>District Judge David Nuffer |

Defendant American Family Mutual Insurance Company moves[1] for an order that would limit Plaintiff Rachel Lucas to presenting reasonable costs of medical care and future medical care only to those costs that would be incurred in Utah and not in a different community or state.[2] According to the Defendant, "[u]nder Utah law, the reasonable value of expenses should be the reasonable value of expenses in Utah, not the . . . cost of medical care in Las Vegas."[3] However, Defendant cites no authority for this position.

In Utah, after a plaintiff has shown evidence of damages, the plaintiff must then "provide evidence of reasonableness and necessity" to establish "the reliability of medical expenses."[4] The evidence must "show that the medical expenses accurately reflect the necessary treatment that resulted from the injuries and that the charges are reasonable."[5] "This requirement adds yet

---

[1] Motion in Limine to Limit Plaintiff to Reasonable Medical Expenses in Utah ("Motion"), docket no. 27, filed October 27, 2017.

[2] Motion at 3.

[3] *Id.*

[4] *Gorostieta v. Parkinson,* 17 P.3d 1110, 1117 (Utah 2000).

[5] *Id.*

another check to ensure that only meritorious claims are compensated and also demonstrates that this measure of damages is entirely consistent with basic tort principles."[6]

Under Utah law, the reasonableness of medical expenses, past or future, does not depend on the locality where the medical treatment is provided. Under *Gorostieta*, Plaintiff bears the burden of showing that past and future medical expenses are attributable to necessary medical care rendered at a reasonable cost. Defendant may appropriately exercise the check recognized in *Hansen* by cross examining the witness or witnesses who will speak to the costs of Plaintiff's future medical expenses. The requested limitation will not be imposed.

Defendant's motion[7] is therefore DENIED.

Signed November 7, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[6] *Hansen v. Mountain Fuel Supply Co.,* 858 P.2d 970, 981 (Utah 1993).

[7] Motion in Limine to Limit Plaintiff to Reasonable Medical Expenses in Utah, docket no. 27, filed October 27, 2017.